### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JERAMY ALLERDISSEN,<br><br>        Plaintiff,<br><br>v.<br><br>MEDICAL COMMERCIAL AUDIT, INC.<br>d/b/a MCA MANAGEMENT<br>COMPANY/MEDICAL COMMERCIAL<br>AUDIT INC,<br><br>        Defendant. | Case No.:<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiff, Jeramy Allerdissen, by and through the undersigned counsel and for his Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") against Defendant, Medical Commercial Audit, Inc. d/b/a MCA Management Company/Medical Commercial Audit Inc, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges Defendant's collection practices violate the FDCPA.

2.      Such collection practices include, *inter alia*, sending consumers written communication in an attempt to collect debt, which make misleading representations regarding the underlying debt at issue and overshadow consumers' debt validation rights.

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of

individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4.      The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

5.      "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

6.      "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

7.      When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

## JURISDICTION AND VENUE

8.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

9.      Venue is proper in this District because part of the acts and transactions occurred within this District, Plaintiff resides within this District, and Defendant transacts substantial business within this District.

## PARTIES

10.     Plaintiff, Jeramy A. Allerdissen (hereafter "Mr. Allerdissen") is a natural person currently residing in St. Louis County, State of Missouri. Mr. Allerdissen is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

11.     Defendant, Medical Commercial Audit, Inc. d/b/a MCA Management Company/Medical Commercial Audit Inc, is a Missouri corporation (hereinafter "MCA" or "Defendant").

12.     Defendant regularly conducts business in the State of Missouri using the mails, telephone, and/or internet to collect, or attempt to collect, defaulted consumer debts.

13.     At all relevant times hereto, Defendant was acting as a debt collector pursuant to the FDCPA.

## FACTS

14.     All of Defendant's conduct at issue occurred within one year of the date of this Complaint.

15.     On or about October 4, 2018, a purported collection letter was sent to Jeramy Allerdissen ("Initial Collection Letter") from Medical Commercial Audit, Inc. d/b/a MCA Management Company/Medical Commercial Audit Inc ("MCA"), purportedly on behalf of "Total

Access Urgent Care", seeking to collect an alleged debt in the amount of $416.46 for a so-called account numbered XXX316 (the "Debt").

16.     A true and accurate, redacted, copy of the Initial Collection Letter is attached as **Exhibit 1** and incorporated herein by this reference.

17.     The Debt was incurred as a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.     In communicating the purported amount owed on the alleged Debt, the top of Defendant's Initial Collection Letter lists categories labeled "Principal" in the amount of "$333.17", "Collection Fees" of "$83.29", and a purported "Total Due" of "$416.46" (collectively, the "Alleged Balances").

19.     Defendant's Collection Letter makes no mention of an original creditor or a current creditor, only referencing Total Access Urgent Care ambiguously as "Client". Upon information and belief, "Client" refers to the purported creditor of the Debt as that term is defined by 15 U.S.C. § 1692a(4).

20.     Pursuant to the FDCPA § 1692g,

> (a) …Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> (1)     the amount of the debt;

> (2)     the name of the **creditor** to whom the debt is owed;
> -
> (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original **creditor**, if different from the **current creditor**.

21.     While Defendant's Initial Collection Letter provides the requisite notice under § 1692g(a)(5) ("Validation Notice"), it fails to explicitly address the **creditor** to whom the debt is supposedly owed, as required by § 1692g(a)(2), in favor of the ambiguous and nondescript term "Client".

22.     Defendant uses the term "Creditor" only once, in the required Validation Notice, and makes no further reference within the Collection Letter to "Client", or to Total Access Urgent Care, beyond the singular references at the top of Defendant's Collection Letter.

23.     In *Deschaine v. National Enter. Sys., Inc.*, the court refused to dismiss the case because the letter at issue

> failed to disclose the name of the current creditor effectively because the letter twice states that 'Paragon Way' is the 'client,' states that the 'Current Creditor' is Precision Recovery Analytics, Inc., and the 'Original Creditor' is GE Money Bank/JC Penney Consumer. Without any explanation of what, if any, the relationship is between the "Current Creditor" and the 'Client,' a consumer would be confused as to whom the debt is owed. *Deschaine v. National Enter. Sys., Inc.*, 2013 WL 12121197 (N.D. Ill. Mar. 7, 2013).

24.     Similarly, in *Pardo v. Allied Interstate, L.L.C.*, a consumer stated a valid claim for violations of the FDCPA where the collection letter's body referred to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with the debt. *Pardo v. Allied Interstate, L.L.C.*, 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015).

25.     Upon information and belief, Defendant makes a pattern and practice of minimizing or otherwise obfuscating its business relationship with purported creditors like Total Access Urgent Care.

26.     Defendant's Initial Collection Letter provides that "Medical Services [sic] were provided for you or family members on 05/08/2018. The above charge for medical services has

not been paid by either you or your insurance company. Please send your check or money order to clear this account…".

27.     Defendant's Initial Collection Letter fails to identify with any particularity what the Debt is for, or if on behalf of a dependent for whom which Mr. Allerdissen is lawfully responsible for. As a result, Mr. Allerdissen was unable to determine the answers to such questions, or if Defendant's Collection Letter even pertained to a legitimate obligation.

28.     Defendant's Initial Collection Letter demands payment of "Collection Fees" in the amount of "$83.29".

29.     §1692f of the FDCPA provides,

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30.     Upon information and belief, the Defendant does not have express authorization in an agreement allowing it to collect any fees or interest upon the Debt.

31.     §1692e of the FDCPA provides,

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
…
(2) The false representation of—
        (A) the character, amount, or legal status of any debt; or
        (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

32.     On or about November 8, 2018, a purported collection letter was sent to Jeramy Allerdissen ("Second Collection Letter") from Defendant.

33.     A true and accurate, redacted, copy of the Second Collection Letter is attached as **Exhibit 2** and incorporated herein by this reference.

34.     The top portion of Defendant's Second Collection Letter indicates an account numbered XXX085, which appeared nowhere in Defendant's Initial Collection Letter, whereas the bottom of Defendant's Second Collection Letter indicates an "ACCT #" of XXXXX7316.

35.     The different account numbers on the top and bottom of Defendant's Second Collection Letter, and particularly between Defendant's Initial and Second Collection Letters, were confusing and coercive, in that they needlessly complicated and further mystified, in concert with Defendant's other practices detailed herein, the process of debt validation for an unsophisticated consumer.

36.     Defendant's Second Collection Letter contains the same numerical value for each category the breakdown of Alleged Balances for the Debt as described in the Initial Collection Letter, except for the addition of a category labeled "INT", which is the only empty space among a row of other, numerically-marked categories in the Alleged Balances.

37.     Upon information and belief, the category labeled "INT" in the Alleged Balances refers to interest, and the use of an abbreviation that may or may not be known to the least sophisticated consumer is confusing and misleading when referring to something as fundamental as the accrual of potential interest.

38.     The unsophisticated consumer would be unable to determine whether or not Defendant's Collection Letter indicates that interest could be added to the alleged Debt in a future letter.

39.     The unsophisticated consumer is likely to be misled or deceived by Defendant choosing to leave the "INT" category in the Alleged Balances blank.

40.     In *Tylke v. Diversified Adjustment Service, Inc.*, the U.S. District Court for the Eastern District of Wisconsin issued a Decision and Order, denying a collection agency defendant's Motion to Dismiss. There, the agency sent a collection letter indicating a balance due with a "Collection Fee of $0.00". The court there denied the agency defendant's motion to dismiss because it reasoned that it was "possible that an 'unsophisticated consumer' would interpret the statement to mean that there is no 'collection fee' now, but that one could be assessed later on", and that "the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one". *Tylke v. Diversified Adjustment Service, Inc.*, No. 14-CV-758 (E.D.WI. Oct 28, 2014).

41.     Here, Defendant's Second Collection letter similarly implies that there could be interest added to the alleged debt in the future.

42.     Defendant's Second Collection Letter evokes the same confusion in the unsophisticated consumer as the letter at issue in *Tylke*, but is even more misleading and deceptive by virtue of Defendant choosing to include a column labeled "INT" with the sole empty value field among other numbers in the Alleged Balances.

43.     Under similar factual circumstances as in *Tylke*, the Eastern Division of the U.S. District Court for the Northern District of Illinois denied a defendant collection agency's motion to dismiss in *Clarence Wood v. Allied Interstate, LLC*. The court in *Wood* noted that "by stating that fees and collection costs stood at '$0.00', instead of stating something like 'N/A' or declining to mention fees or collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if [plaintiff] did not pay the debt". The court there further noted that the letter at issue "suggested that $0.00 was only the current amount owed under each category

and that the amount owed might increase over time". *Clarence Wood v. Allied Interstate, LLC*, No. 17-C-4921 (N.D.IL. Jul 3, 2018).

44.     Much like the letter in *Wood*, Defendant's Second Collection Letter falsely suggests that interest could be added to the purported amount owed by Mr. Allerdissen if he does not quickly pay the alleged debt.

45.     Defendant's choice to include in the Second Collection Letter a column labeled "INT" with the sole empty value field among other numbers in the Alleged Balances could lead the unsophisticated consumer to believe that interest will begin to accrue, thereby coercing the unsophisticated consumer to pay the debt in full, and quickly.

46.     Mr. Allerdissen believed that interest would begin to accrue if he did not pay the debt, particularly given the fact that Defendant's Initial Collection Letter made no indication of interest, while Defendant's Second Collection Letter did.

47.     Defendant's Second Collection Letter prominently states "THIS ACCOUNT MAY BE SCHEDULED TO BE REPORTED TO THE CREDIT BUREAU" (hereinafter the "Credit Reporting Threat").'

48.     The Credit Reporting Threat is misleading because, upon information and belief, there is no such thing as "The Credit Bureau", only a given credit bureau or the numerous credit bureaus.

49.     Upon information and belief, Defendant had no right to report the Debt to the Credit Bureau, particularly in light of Defendant's representations in its Initial Collection Letter that the Debt described therein may relate to the obligations of family members for which Defendant did not expressly agree to be responsible for.

50.     Defendant's Second Collection Letter conspicuously omits any mention of the Debt being incurred by family members, and instead, conclusively provides that "[t]he above delinquent debt still remains unpaid. It is therefore necessary that we may schedule your account to be reported to the credit bureaus".

51.     Defendant's mention of it being "necessary that we may schedule your account to be reported to the credit bureaus" is, upon information and belief, a threat of unlawful action, and confusing and misleading to the least sophisticated consumer regarding the credit reporting process in light of the contradictory meanings of the words "necessary" and "may" in that statement.

52.     Defendant's Second Collection Letter further provides "[c]ontact this office if you intend to pay this debt. You can prevent this by sending the balance in full or making payment arrangements", although it is unclear and confusing, from Defendant's choice of language and sentence structure, what Mr. Allerdissen is preventing thereby.

53.     Upon information and belief, Defendant's above statement of "prevent[ing] this" refers to credit reporting on the Debt, which is misleading in light of Defendant's obligation to report credit information accurately and not disparately.

54.     On or about January 9, 2019, Mr. Allerdissen received a collection message from Defendant via email regarding the Debt (the "Email Attempt").

55.     A true and accurate, redacted, copy of the Email Attempt is attached as **Exhibit 3** and incorporated herein by this reference.

56.     Upon information and belief, Defendant never had authorization to contact Mr. Allerdissen via email regarding the Debt.

57.     Defendant's Email Attempt bears the title, in the subject line, of "Payment History", which is misleading and confusing in light of the fact that Mr. Allerdissen never made a payment

upon the purported Debt, and is calculated solely to induce, under false pretense, an unsophisticated consumer into opening the email notification and assuming the debt to be acknowledged, valid, and previously paid on by that unsophisticated consumer.

58.    Defendant's Email Attempt states that Mr. Allerdissen should "take the necessary steps to satisfy this debt in full", and that "[i]f your account has been reported to the credit bureau it will be updated accordingly", without making clear whether any such reporting would be updated by a payment upon the Debt, or by nonpayment. Also, Defendant's word choice in "if your account has been reported" confused Mr. Allerdissen regarding whether or not his account was, indeed, reported to the credit bureaus following Defendant's confusing representation, in Defendant's Second Collection Letter, of it being "necessary" to report the Debt on Plaintiff's credit report.

59.    On or about January 9, 2018, Defendant sent a collection letter (the "Third Collection Letter") to Mr. Allerdissen regarding the Debt, with the same Alleged Balances breakdown as in the Second Collection Letter, which included a blank field for the field titled "INT".

60.    A true and accurate, redacted, copy of the Third Collection Letter is attached as **Exhibit 4** and incorporated herein by this reference.

61.    Defendant's Third Collection Letter prominently threatens that "YOUR ACCOUNT IS SERIOUSLY PAST DUE!".

62.    Such a statement in Defendant's Third Collection Letter is confusing to the least sophisticated consumer regarding the status of a purported debt, and the exclamation is intended to shame and/or threateningly coerce the least sophisticated consumer into conceding ownership of a purported debt.

63.     Defendant's First Collection Letter, Second Collection Letter, Third Collection Letter, and the Email Attempt (collectively the "Collection Communications") were implicitly confusing their character and applicability to an unsophisticated consumer like Mr. Allerdissen.

64.     In fact, Mr. Allerdissen found the Collection Communications confusing and misleading, and the coercive nature of Defendant's Collection Communications forced him to engage legal counsel.

65.     Mr. Allerdissen had to spend time investigating Defendant's Collection Communications.

### COUNT I: Violation Of § 1692e of the FDCPA-
### False or Misleading Representations

66.     Plaintiff incorporates by reference the averments contained in the paragraphs 1-65 as if such were fully set forth herein.

67.     Section 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68.     Defendant's Initial Collection Letter provides that "Medical Services [sic] were provided for you or family members on 05/08/2018. The above charge for medical services has not been paid by either you or your insurance company. Please send your check or money order to clear this account…"

69.     Defendant's above statement makes no distinction between responsible and emancipated adult family members or potential financial dependents. Similarly, Defendant's Initial Collection Letter does not indicate whether Mr. Allerdissen's insurance is obligated to, or may, pay the Debt.

70.     The unsophisticated consumer would be unable to determine whether or not Defendant's Initial Collection Letter indicates that they are, in fact, the debtor responsible for a claimed debt, or whether another is, and who the recipient of the medical services alleged in Defendant's Initial Collection Letter was.

71.     The above-described statement in Defendant's Initial Collection Letter therefore reasonably communicates numerous potential meanings.

72.      "A communication is deceptive for purposes of the Act if: 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294 (3d Cir. 2008) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

73.     Defendant's Initial Collection Letter was deceiving and misleading to Mr. Allerdissen, mistakenly believe that he was responsible for the Debt despite the uncertainty conveyed by Defendant's own language, thereby violating 15 U.S.C. § 1692e.

74.     By falsely representing that Mr. Allerdissen is responsible for the potential debt of an adult family member, Defendant's Initial Collection Letter falsely misrepresents the character, amount, and legal status of the alleged Debt, thereby violating 15 U.S.C. § 1692e(2)(A).

75.     Upon information and belief, Defendant's attempted collection of fees in addition to the alleged Debt is not expressly authorized by an agreement creating such alleged Debt, thereby violating 15 U.S.C. § 1692e(2)(B).

76.     Defendant's Second Collection Letter contains two different purported account numbers to identify the Debt, one of which was not listed anywhere in Defendant's Initial Collection Letter.

77.     The statement in Defendant's Second Collection Letter that "[i]t is therefore necessary that we may schedule your account to be reported to the credit bureaus", along with the Credit Reporting Threat, is misleading, in that it presents uncertainty regarding the credit reporting process, and actual status, in a manner that is confusing to the least sophisticated consumer, in violation of 15 U.S.C. § 1692e.

78.     Defendant's Email Attempt subject line of "Payment History", was false, in that there was no payment history by Mr. Allerdissen towards the Debt, and thereby also misleading. Defendant's statements in the Email Attempt that in violation of 15 U.S.C. § 1692e.

79.     Defendant's Email Attempt states that Mr. Allerdissen should "take the necessary steps to satisfy this debt in full", and that "[i]f your account has been reported to the credit bureau it will be updated accordingly", without making clear whether any such reporting would be updated by a payment upon the Debt, or by nonpayment. Also, Defendant's word choice in "if your account has been reported" confused Mr. Allerdissen regarding whether or not his account was, indeed, reported to the credit bureaus following Defendant's confusing representation, in Defendant's Second Collection Letter, of it being "necessary" to report the Debt on Plaintiff's credit report. Such statements by Defendant were confusing and misleading, in violation of 15 U.S.C. § 1692e.

80.     Defendant's Third Collection Letter prominently threatens that "YOUR ACCOUNT IS SERIOUSLY PAST DUE!", which is misleading regarding the status of a purported debt and whether there are varying degrees of Debt delinquency, in violation of 15 U.S.C. § 1692e.

81.     Defendant's violations of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

## COUNT II: Violation Of §1692f Of The FDCPA –
## Unfair Practices

82.     Plaintiff incorporates by reference the averments contained in the paragraphs 1-65 as if such were fully set forth herein.

83.     Section 1692f of the FDCPA prohibits any use of unfair or unconscionable means to collect or attempt to collect any debt.

84.     §1692f(1) expressly proscribes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

85.     In *Kojetin v. CU Recovery, Inc.*, the Eighth Circuit Court affirmed the lower court's decision that representing that a percentage-based collection fee was due was deceptive because the underlying contract provided that the creditor was entitled only to the actual costs of collection, and that a percentage-based fee had no necessary relation to the actual costs of collection. *Kojetin v. CU Recovery, Inc.,* 212 F.3d 1318 (8th Cir. 2000).

86.     Upon information and belief, Defendant's tabulation of "Collection Fees" relates to a percentage-based fee that Defendant seeks to arbitrarily collect, as opposed to actual costs of collection.

87.     Upon information and belief, Defendant's attempted collection of fees in addition to the alleged Debt is not expressly authorized by an agreement creating such alleged Debt, thereby violating 15 U.S.C. § 1692f(1).

88.     Defendant's Initial Collection Letter, as well as Defendant's subsequent Collection Communications, falsely suggests that additional collection fees could be added to the purported amount owed by Mr. Allerdissen if he does not quickly pay the alleged Debt.

89.     Mr. Allerdissen believed that collection fees would begin to accrue if he did not pay the debt.

90.     Defendant's Second Collection Letter, Third Collection Letter, and Email Attempt, by virtue of the empty value field for the "INT" category in the Alleged Balances, falsely suggests that interest could be added to the purported amount owed by Mr. Allerdissen if he does not quickly pay the alleged Debt.

91.     Mr. Allerdissen believed that interest would begin to accrue if he did not pay the debt.

92.     Defendant's conduct in structuring its Collection Communications thusly has a coercive effect designed to pressure unsophisticated consumers into sending money quickly, thereby overshadowing his dispute rights. Such acts, and Defendant's conduct in totality, as more fully stated herein, constitutes unfair and unconscionable acts by Defendant, in violation of 15 U.S.C. § 169f.

93.     Defendant's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

## COUNT III: Violation Of §1692g Of The FDCPA –<br>Validation of Debts

94.     Plaintiff incorporates by reference the averments contained in the paragraphs 1-65 as if such were fully set forth herein.

95.     Section 1692g(a)(2) of the FDCPA requires debt collectors, like Defendant, to expressly and unambiguously identify the creditor to whom money is owed.

96.     Defendant failed to explicitly address the creditor to whom the debt is supposedly owed, as required by § 1692g(a)(2), in favor of the ambiguous and nondescript term "Client".

97.     Defendant's use of the word Client in lieu of the statutorily-required terminology of "Creditor" failed to clearly identify the creditor to whom money is owed. Such deficiency is underscored by Defendant's failure, throughout its Initial Collection Letter and subsequent Collection Communications, to contextually identify any creditor as being precisely that, thereby violating §1692g(a)(2).

98.     Defendant's violation of §1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Jeramy Allerdissen, prays that this Court:

1.     Declare that Defendant's debt collection actions violate the FDCPA and enter an Order in favor of the Plaintiff for:

    1.     An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    2.     Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    3.     For other such further relief as deemed just and proper by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 14, 2019                          Respectfully Submitted,

                                             **CONSUMER LAW PROTECTION**

                                             /s/  Boris Graypel_____
                                             By: Boris E. Graypel, #68529MO
                                             111 Westport Plaza Dr., Suite 600
                                             St. Louis, MO 63146
                                             Phone: (314) 300-9590
                                             Fax: (314) 754-9305
                                             E-mail: bgraypel@consumerlawprotection.com

                                             *Attorney for Plaintiff*

# EXHIBIT 1



MCA Management Company
Medical-Commercial Audit Inc
PO Box 480
High Ridge, MO 63049
Tel: (636) 677-3000

October 4, 2018

Jeramy Allerdissen
~~Ballwin MO 63021-5354~~

Client: Total Access Urgent Care
Account No.: ~~316~~
Principal:            $333.17
Collection Fees:      $83.29
Total Due:            $416.46

Dear Jeramy Allerdissen,

Medical Services were provided for you or family members on 05/08/2018.  The above charge for medical services has not been paid by either you or your insurance company.  Please send your check or money order to clear this account or call (636) 677-3000 to make necessary arrangements.

YOU CAN ALSO PAY BY VISA, MASTERCARD, AMEX OR CHECK BY PHONE
YOU CAN PAY YOUR BILL ON LINE WWW.MCACOLLECTIONPAYMENTS.COM

IMPORTANT NOTIFICATION - UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE  WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Sincerely,

Renee Thompson 636-208-9667
RThompson@mcacollectionagency.com

139-DNMCAM10-O8-08/10/15

*** Lower Portion And Return With Payment ***

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

PO Box 480
High Ridge MO 63049-0480
RETURN SERVICE REQUESTED

| MasterCard | VISA | DISCOVER | |
|---|---|---|---|

CARD NUMBER                                   EXP. DATE

CARD HOLDER NAME                              CVV

SIGNATURE                    AMOUNT PAID

Account No.: ~~316~~
Total Due:    $416.46

Check Routing #         Account #         Ck #

08-139
Jeramy Allerdissen
~~Ballwin MO 63021-5354~~

MCA Management Company
PO Box 480
High Ridge MO 63049-0480

# EXHIBIT 2

**MCA** *Management Company*
*Medical-Commercial Audit Inc*
PO Box 480
High Ridge, MO 63049
Tel: (636) 677-3000

November 8, 2018

| ACCT # | CLIENT | AMOUNT | INT | FEES | TOTAL |
|---|---|---|---|---|---|
| 085 | Total Access Urgent Care | 333.17 | | 83.29 | 416.46 |
| | | | TOTAL AMOUNT DUE | | 416.46 |

Jeramy Allerdissen
Ballwin MO 63021-5354

Dear Jeramy Allerdissen,

      THIS ACCOUNT MAY BE SCHEDULED TO BE REPORTED TO THE CREDIT BUREAU.

The above delinquent debt still remains unpaid. It is therefore necessary that we may schedule your account to be reported to the credit bureaus.

Contact this office if you intend to pay this debt. You can prevent this by sending the balance in full or making payment arrangements.

PLEASE SEND PAYMENT TO:
MCA Management Company • PO Box 480 • High Ridge, MO 63049
OR
YOU CAN PAY YOUR BILL ON LINE WWW.MCACOLLECTIONPAYMENTS.COM

Sincerely,

Renee Thompson636-208-9667
RThompson@mcacollectionagency.com

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

2-DNMCAM10-OC-01/19/18

*** Lower Portion And Return With Payment ***

PO Box 480
High Ridge MO 63049-0480
RETURN SERVICE REQUESTED

Account No.: 316

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard     VISA     DISCOVER     AMERICAN EXPRESS

| CARD NUMBER | | EXP. DATE |
|---|---|---|
| CARD HOLDER NAME | | CVV |
| SIGNATURE | AMOUNT PAID | |
| Check Routing # | Account # | Ck # |

OC - 2
Jeramy Allerdissen
277 Old Sulphur Spring Rd
Ballwin MO 63021-5354

MCA Management Company
PO Box 480
High Ridge MO 63049-0480

# EXHIBIT 3

**From:** RThompson@mcacollectionagency.com
**Date:** January 9, 2019 at 1:01:30 PM CST
**To:** JALLERDISSEN@ATT.NET
**Subject: Payment history**

MCA Management Company
PO Box 480
High Ridge, MO 63049
636-677-3000
636-677-1588 fax
www.mcacollectionpayments.com (you can also make a payment on line)

Account #    ██316

Please take the necessary steps to satisfy this debt in full.

If your account has been reported to the credit bureau it will be updated accordingly.

Below is your current balance

| ACCT # | CLIENT | AMOUNT | INT | FEES | TOTAL |
|--------|--------|--------|-----|------|-------|
| ██085 | Total Access Urgent Care | 333.17 | | 83.29 | 416.46 |
| | TOTAL AMOUNT DUE | 416.46 | | | |

Renee Thompson636-208-9667
 This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt
collector.

1

# EXHIBIT 4

**MCA** **Management Company**
*Medical-Commercial Audit Inc*
**PO Box 480**
**High Ridge, MO 63049**
**Tel: (636) 677-3000**

January 9, 2019

| ACCT # | CLIENT | AMOUNT | INT | FEES | TOTAL |
|---|---|---|---|---|---|
| 085 | Total Access Urgent Care | 333.17 | | 83.29 | 416.46 |
| | | TOTAL AMOUNT DUE | | | 416.46 |

Jeramy Allerdissen
▬▬▬▬▬▬▬▬ Rd
Ballwin MO 63021-5354

Dear Jeramy Allerdissen,

### YOUR ACCOUNT IS SERIOUSLY PAST DUE!

Please contact our office to make arrangements to
take care of this past due account.

YOU CAN PAY ON LINE  WWW.MCACOLLECTIONPAYMENTS.COM
OR
PLEASE SEND PAYMENT TO:
MCA Management Company • PO Box 480 • High Ridge, MO 63049

Sincerely,

Renee Thompson 636-208-9667
RThompson@mcacollectionagency.com

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED
FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

317-DNMCAM10-O0-08/10/15

*** ▬▬ er Portion And Return With Payment ***

PO Box 480
High Ridge MO 63049-0480
RETURN SERVICE REQUESTED

| IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW. | | |
|---|---|---|
| MasterCard   VISA   DISCOVER | | |
| CARD NUMBER | | EXP. DATE |
| CARD HOLDER NAME | | CVV |
| SIGNATURE | | AMOUNT PAID |
| Check Routing # | Account # | Ck # |

Account No.: ▬▬▬316

O0 - 317
Jeramy Allerdissen
277 Old Sulphur Spring Rd
Ballwin MO 63021-5354

MCA Management Company
PO Box 480
High Ridge MO 63049-0480