UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERAMY ALLERDISSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-01291-JAR |
| ) | |
| MEDICAL COMMERCIAL AUDIT, ) | |
| INC. d/b/a MCA MANAGEMENT ) | |
| COMPANY/MEDICAL COMMERCIAL ) | |
| AUDIT, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for attorneys' fees (Doc. No. 20) and motion for bill of costs (Doc. No. 21). Defendant opposes the motion and objects to Plaintiff's calculation of costs and fees. (Doc. No. 24). Plaintiff filed a reply. (Doc. No. 27). Accordingly, the matter is fully briefed and ready for disposition. For the reasons set forth below, Plaintiff's motion for attorney's fees will be granted in part and denied in part, and the motion for costs and fees will be granted.

**I.     Background**

On May 14, 2019, Plaintiff brought this lawsuit against Defendant Medical Commercial Audit, Inc. d/b/a MCA Management Company/Medical Commercial Audit, Inc., asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et* seq. ("FDCPA"). On August 12, 2019, Defendant made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, and on August 16, 2019, Plaintiff accepted. (Doc. No. 16). On August 28, 2019,

the Court entered an Order & Judgment pursuant to the terms of the Offer of Judgment (Doc. No. 17) and directed Plaintiff to submit his reasonable costs and attorneys' fees.

On September 27, 2019, Plaintiff filed the instant motions seeking attorneys' fees of $11,295, the filing fee of $400, and co-counsel's pro hac vice admission fee of $100. Plaintiff maintains that the fees are reasonable because his attorneys, who are both local and out-of-state, spent 33.2 hours working on his case. He claims that counsel spent the requisite amount of time investigating claims available to him, researching novel and difficult issues related to the proper identity of the creditor, obtaining the necessary documentation and briefing to present Plaintiff's case in federal court, and securing more than the maximum relief available to Plaintiff.

Defendant objects to the amount of attorneys' fees, arguing that: (1) Plaintiff's lead counsel seeks his full $300 rate for administrative work he performed; (2) the amount of time the lead attorney claims to have spent on legal work exceeds what is necessary for an attorney with his experience; (3) the Court should not award Plaintiff any fee related to the involvement of out-of-state co-counsel because their roles were duplicative; and (4) one of the out-of-state attorneys submitted no affidavit to support her credentials or that she actually performed the work alleged. Defendant argues that the case was in its early stages when it settled and that over the course of three months while the case was pending, no mediation was held, no depositions were taken, and no court hearings or conferences were held. Accordingly, Defendant contends that the request for $11,295 is "extreme and excessive given the circumstances." (Doc. No. 24 at 2).

In reply, Plaintiff reasserts his arguments that counsel's fees are reasonable, that all time expended by co-counsel was necessary, and that Plaintiff should be awarded additional attorney's fees for the 4.7 hours spent by counsel preparing the reply brief, thereby increasing his request for attorneys' fees to $12,980.15.

## II. Discussion

The FDCPA requires payment of costs and reasonable attorneys' fees to a successful consumer. 15 U.S.C. § 1692k(a)(3). This Court is responsible for determining what constitutes "reasonable." *Morgan v. Vogler Law Firm, P.C.*, No. 4:15-CV-1654 SNLJ, 2018 WL 6304869, at *1 (E.D. Mo. Dec. 3, 2018).

When determining the reasonableness of a fee request, the "lodestar" method is "the most useful starting point for determining the amount of a reasonable fee," i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the overall reasonableness of an award of attorneys' fees, the Court may adjust this "lodestar" amount computed above, as the Court considers the twelve factors first set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (limited by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)), and used to determine the reasonableness of the fee. *See Winter v. Cerro Gordo County Conservation Board*, 925 F.2d 1069, 1074 n. 8 (8th Cir. 1991). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Breeden v. Consumer Adjustment Co.*, No. 4:18-CV-01944 JAR, 2019 WL 1518185, at *1 (E.D. Mo. Apr. 8, 2019). The Court must reduce all "excessive, redundant, or otherwise unnecessary" hours. *El-Tabech v. Clarke*, 616 F.3d 834 (8th Cir. 2010) (quoting *Hensley*, 461 U.S. at 434).

Plaintiff seeks attorneys' fees and costs as follows:

| Attorney | Hours Claimed | Hourly Rate[1] | Total |
|---|---|---|---|
| Boris Graypel (local counsel) | 18.5 | $300 | $5,550 |
| David Barshay (out-of-state counsel) | 13.2 | $400 | $5,280 |
| David Barshay (paralegal work) | 0.9 | $100 | $90 |
| Erica Carvajal (out-of-state counsel) | 1.5 | $250 | $375 |
| | | | |
| **Total:** | **34.1** | | **$11,295** |

After reviewing the records submitted, the Court concludes that the amount of time expended on certain tasks by the attorneys was excessive. For example, Graypel spent 6.8 hours drafting the complaint in this case. In light of Graypel's experience in the field, which he sets forth in his affidavit, the Court concludes that the time spent on this task was more than necessary and will reduce the request by 3.3 hours. Further, on some occasions, Graypel spent what appears to be excessive time reviewing a one-page document or short email, or for "case strategy considerations." Accordingly, the Court will reduce those entries by 2.8 hours.

In addition, the Court notes that Graypel's time records indicate 2.6 hours spent preparing a notice of process server, appearance of counsel, summons, and civil cover sheet forms; filing court documents; and docketing case deadlines. These are secretarial or clerical tasks, which are not compensable. *Ladd v. Pickering*, 783 F. Supp. 2d 1079, 1094 (E.D. Mo. 2011); *see also Murray v. Collections Acquisitions, LLC*, No. 8:11CV301, 2012 WL 2577211, at *2 (D. Neb. July 3, 2012) (holding that "time spent filing through EM/ECF, preparing and reviewing documents, and calendaring dates" is clerical work that is not compensable under the FDCPA). Accordingly, the Court will reduce Graypel's entries by 2.6 hours.

Further, the Court finds that certain billing entries are duplicative. While there is no *per se* rule prohibiting a litigant from having more than one attorney work on his case, the Court is

---

[1] Defendant is not objecting to the hourly rate sought by Plaintiff's attorneys.

left with the distinct impression that certain parts of this case were "overlawyered." *See A.J. by L.B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995) ("A court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used."). Here, it appears that both Barshay and Graypel billed time for reviewing the same documents and working on the same pleadings. Their efforts are duplicative, and thus the Court will reduce Barshay's entries to 6 hours, at a rate of $400 per hour, totaling $2,400.

Further, the Court will not award attorney's fees for the hours spent on this case by co-counsel Carvajal. Upon review of the time entries, Carvajal's work on this case is duplicative, clerical, and unsupported by an affidavit. Accordingly, her entries will not be considered in awarding attorneys' fees. Lastly, the Court will not award additional attorneys' fees incurred in preparing a reply to Defendant's opposition, as it provided no new argument or information.

Next, the Court will grant Plaintiff's motion for bill of costs. Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs-other than attorney's fees-should be allowed to the prevailing party." *Cowden v. BNSF Railway Co.*, 2014 WL 107844, at *1 (E.D. Mo. Jan 3, 2014). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

Upon review, the Court will grant Plaintiff's request for reimbursement of the $400 filing fee and allow co-counsel's pro hac vice admission fee to be taxed as a cost. *See Craftsmen*

*Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) (holding that the district court did not abuse its discretion in awarding such expenses in light of diverging district court rulings on the issue).

### III. Conclusion

After careful consideration, the Court will grant Plaintiff's motions for attorneys' fees and bill of costs in part, as follows. The Court will award attorneys' fees for 9.8 hours of work conducted by Graypel, at a rate of $300 per hour, for a total of $2,940. The Court will award attorneys' fees for 6 hours of work conducted by Barshay, at a rate of $400 per hour, for a total of $2,400. Lastly, the Court will award costs totaling $500.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorneys' fees (Doc. No. 20) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for bill of costs (Doc. No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that attorneys' fees and costs shall be taxed against Defendant Medical Commercial Audit, Inc. d/b/a MCA Management Company/Medical Commercial Audit, Inc.and in favor of Jeramy Allerdissen in the amount of **$5,340** in attorneys' fees and **$500** in costs.

Dated this 26th day of December 2019.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE